UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMAINE DAVIS,<br><br>   Plaintiff,<br><br>  v.<br><br>MICHAEL J. PALUMBO, ESQUIRE, an individual, GINGO PALUMBO LAW GROUP, an Ohio limited liability company, FCI LENDER SERVICES, INC., a California Corporation, AND JAFW, a Delaware statutory trust,<br><br>   Defendants. | No. 24 CV 13318<br><br>Judge Georgia N. Alexakis |

MEMORANDUM OPINION AND ORDER

Plaintiff Tomaine Davis, proceeding pro se, sued defendants Michael J. Palumbo, an attorney; his law firm Gingo Palumbo Law Group; debt collection firm FCI Lender Services Inc.; and financial institution JAFW (collectively "defendants") in Illinois court for a variety of claims under state, federal, and common law related to a loan and property purchase. [1-1]. Defendants removed to federal court [1] and now move to dismiss Davis's amended complaint. [24]. Davis seeks to disqualify Palumbo, who is representing himself and his codefendants, as defendants' counsel on the basis of an alleged conflict. [36].

For the following reasons, defendants' motion to dismiss [24] is granted, and Davis's motion to disqualify defendants' attorney [36] is denied.

I.  **Legal Standards**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor (as the Court does in the section that follows), but a court need not accept legal conclusions or "threadbare recitals" supported by "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

II.  **Background**

Davis alleges that "[t]he original contract in this case was altered, stolen, and that there was an addition to the agreement." [21] ¶ 11. In his complaint, Davis does not specify what contract or who the contract was with, but later discusses a loan application and promissory note, with defendant JAFW identified as the lender. *See generally id.* Davis alleges that the bank "misrepresented the elements of the alleged agreement to the alleged borrower," "[t]here is no bona fide signature on the alleged promissory note," and "the promissory note is a forgery." *Id.* ¶¶ 18(c)–(e).

On April 15, 2020, Palumbo, acting on behalf of JAFW, filed a notice of lis pendens against Davis's property—apparently related to a foreclosure—though Davis alleges this notice was jurisdictionally infirm because it lacked an affidavit from an injured party. *Id.* ¶ 26. (Davis does not explain how that alleged jurisdictional problem relates to the instant suit.) Davis also alleges that he was "subjected to constant harassment from FCI Lender Services" and JAFW during this period, *id.* ¶¶

29, 31, which the Court infers relates to either the foreclosure or debt collection activity. It is not clear when these events happened in relation to the loan agreement.

Based on issues with the loan agreement and promissory note, Davis brings eight counts against defendants, which are as follows:

| Count | Claim | Defendants |
|---|---|---|
| Count I | 42 U.S.C. § 1983 (federal) | Palumbo, Gingo Palumbo Law Group, and JAFW |
| Count II | "Violation of due process" (federal) | Palumbo, Gingo Palumbo Law Group, and JAFW |
| Count III | Conspiracy to committee real estate deed fraud (state) | Palumbo, Gingo Palumbo Law Group, and JAFW |
| Count IV | Forgery (state) | Palumbo, Gingo Palumbo Law Group, and JAFW |
| Count V | Wrongful foreclosure (state) | All defendants |
| Count VI | Breach of contract (state) | Palumbo, Gingo Palumbo Law Group, and JAFW |
| Count VII | Real estate deed fraud (state) | Palumbo, Gingo Palumbo Law Group, and JAFW |
| Count VIII | Obstruction of justice (federal) | Palumbo and JAFW |

*See* [21] at 7–8.[1]

After the instant case was removed to federal court, [1], plaintiff filed his amended complaint [22], which defendants then moved to dismiss. [24]. Davis then moved to disqualify Palumbo as defendants' counsel because of "an ongoing and disqualifying conflict of interest that undermines fair proceedings and violates the professional rules of conduct." [36] at 1. Davis believes that because both Palumbo and his law firm are defendants, Palumbo's representation of all the defendants is

---

[1] Davis's complaint does not have internal pagination, so the Court uses the blue CM/ECF page numbers on the upper wright of the filing.

inherently in conflict with the other defendants' interests. *Id.* at 2. Davis also asserts that "[t]here is no record before this Court" that this alleged conflict has been disclosed or consented to. *Id.* For their part, defendants say that they "are keenly aware of the allegations asserted in [Davis's] amended complaint, and Defendants have waived any potential conflict of interest and consented to Palumbo representing Defendants as their counsel." [42] at 7.

### III. Analysis

As a threshold matter, the Court denies Davis's motion to disqualify Palumbo as defendants' counsel. "Disqualifying a lawyer immediately deprives the losing party from the representation of his choice and disrupts the litigation" and therefore is viewed as a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Watkins v. Trans Union, LLC*, 869 F.3d 514, 519 (7th Cir. 2017) (cleaned up). Davis also lacks standing to bring such a motion: "in general, the proper party to bring a motion to disqualify counsel based on a conflict of interest is that attorney's client or former client." *Tomasian v. C.D. Peacock, Inc.*, 09 C 5665, 2012 WL 2590493, at *4 (N.D. Ill. July 3, 2012). Davis does not identify any specific direct adversity; rather, Davis merely asserts that defendants' "interests may not align and may diverge during discovery or settlement." [36] at 2. But Palumbo represents that there is no "substantial discrepancy" between himself and his clients in this case and that the other defendants have consented to his representation and waived any potential conflict. [42] at 6–7. Under these circumstances, there is no reason to take the "drastic measure" of disqualification based solely on Davis's speculation of hypothetical future conflicts.

4

Moving to the merits of the complaint, defendants note that they are all private entities or individuals and argue that because they are not state actors, the § 1983 and due process claims (Counts I and II) must be dismissed on that basis. [24] at 5–6. The Court agrees. Suits under § 1983 require a person to act under color of state law. *See* 42 U.S.C. § 1983. This requirement excludes private actors from § 1983 liability except where "the state and the private actors are closely entwined" or "the private actor performs functions traditionally and exclusively reserved for the state." *Smith v. United Caring Services*, Appeal No. 25-1068, 2025 WL 1672866, at *2 (7th Cir. June 13, 2025) (cleaned up).

The complaint describes a private real estate transaction between private entities—even if, in Davis's telling, one that involved duplicity on the part of defendants—and Davis pleads no facts showing a particular entwinement between any of the defendants and any state actor. In his response, Davis makes a two-sentence argument that "state action includes misuse of judicial process to deprive individuals of property" and that defendants' use of "the state's foreclosure and lien systems to enforce an alleged debt owed" qualifies as state action. [27] at 2 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982)). But it is well-established that "[p]rivate use of state-sanctioned private remedies or procedures does not rise to the level of state action," unless the private parties are "mak[ing] use of state procedures with the overt, significant assistance of state officials," in which case "state action may be found." *See Tulsa Prof'l Collection Services, Inc. v. Pope*, 485 U.S. 478, 485 (1988) (citing *Lugar*, 457 U.S. at 922). Nothing in Davis's complaint reflects

5

"significant assistance of state officials." *Id.* For the same reasons, the lack of state action also dooms the due process claim. *See Spencer v. Lee*, 864 F.2d 1376, 1378 (7th Cir. 1989). ("The due process clause is directed to action by state government.").

Davis's state law claims fare no better. Defendants argue that Count III, Davis's claim of conspiracy to commit real estate fraud, must be dismissed because Davis has failed "to establish an agreement between two or more persons for the purpose of accomplishing either an unlawful purpose or a lawful purpose by unlawful means, and at least one tortious act by one of the co-conspirators in furtherance of the agreement that caused the injury to Plaintiff." [24] at 7. These are essential elements of the claim. *See Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (elements of Illinois civil conspiracy). Davis responds that "coordination among Defendants is evident from the timeline: a collection occurred in December 2024, followed by a corrected 1099-C only after litigation began," [27] at 2, but he does not explain how this timeline establishes the elements of Illinois civil conspiracy. Davis does not, for example, develop any argument for how a post-suit tax form correction suggests a prior agreement between any defendants "for the purpose of accomplishing either an unlawful purpose or a lawsuit purpose by unlawful means," *Borsellino*, 477 F.3d at 509, or even which defendants he believes participated in such an agreement. Count III is thus dismissed.

Count IV fails for the simple reason that Davis has not alleged the elements of forgery against any defendant. Under Illinois law, forgery requires "(1) a false writing or alteration of some instrument in writing; (2) the instrument must be apparently

6

capable of defrauding; and (3) there must be an intent to defraud." *In re Estate of Bontkowski*, 337 Ill. App. 3d 72, 76 (1st Dist. 2003). The complaint alleges that "[t]he promissory note is a forgery" but does not indicate what the nature of the "false writing or alteration" in the promissory note is, nor did Davis plead any facts indicating that any named defendant intended to defraud him. Davis responds that he "alleges that Defendants misrepresented or manipulated documents central to the mortgage transaction, including signatures and IRS filings," [27] at 2, but, again, the complaint does not actually allege who manipulated what documents, or how. Davis does allege that "[t]he bank recorded the forged promissory note as a loan from me to the bank," [21] at 9, but even if the Court assumes that "the bank" refers to JAFW—which is not clear in the context of the complaint—there is nothing in the complaint indicating that JAFW or any other defendant forged the promissory note, or were even aware of the alleged forgery. Count IV is thus also dismissed for failure to state a claim.

Next, defendants correctly point out that "wrongful foreclosure," the claim alleged in Count V, is not a freestanding cause of action under Illinois law. [24] at 9 (citing *Kloak v. Hayes*, 21 C 5575, 2022 WL 79869, at *3 (N.D. Ill. Jan. 8, 2022)). Davis invites the Court to instead construe Count V as "one of abuse of process or unjust enrichment," but provides no legal or factual details to support either theory. "[A]rguments that are underdeveloped, cursory, and lack supporting authority are waived," *see Brockett v. Effingham Cnty., Illinois*, 116 F.4th 680, 686 (7th Cir. 2024) (cleaned up), and complaints cannot be amended via briefs in opposition to a motion

7

to dismiss, *see Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). The Court thus declines Davis's invitation and dismisses the wrongful foreclosure claim with prejudice.

Defendants argue that Count VI, for breach of contract, fails to state a claim because no defendant breached a contract with Davis. [24] at 9. Even construing the complaint liberally in light of Davis's pro se status, the Court is unable to discern any terms of the contract Davis references or the alleged parties to that contract. Davis thus has not met his obligations under Federal Rule of Civil Procedure 8(a) to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and Count VI is dismissed on that basis. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").

Count VII is for "real estate deed fraud." [21] at 8. Davis alleges that "[t]he state is guilty of real estate deed fraud which is verified by the day-to-day process of registering homeowners' property deeds in their office," *id.* ¶ 5(b), but he does not name Illinois as a defendant. Davis does allege that "[t]he defendants … committed … real estate deed fraud when they failed to deliver the property deed as mandated by the state property transfer statute," *id.* ¶ 19, but provides no further factual details. Davis also does not explain why Palumbo, his law firm, or JAFW would have the responsibility of delivering a property deed under state law. The Court cannot discern what, if any, state-law claim might underlie Count VII. Because the Court

8

cannot discern a state-law claim from the complaint, Count VII is also dismissed. *See Garst*, 328 F.3d at 378.

Finally, defendants argue that the federal obstruction of justice statute Davis invokes for Count VIII provides no private right of action, something Davis concedes. [24] at 10; [27] at 3. Count VIII is therefore dismissed on that basis, with prejudice.

## IV. Conclusion

For the foregoing reasons, Davis's motion to disqualify counsel [36] is denied, and defendants' motion to dismiss [24] is granted. Counts I, II, V, and VIII are dismissed with prejudice.

Davis may refile an amended complaint—only with respect to Counts III, IV, VI, and VII—if he can cure the deficiencies identified above while still complying with his obligations under Federal Rule of Civil Procedure 11. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss."); *Eberhardt v. Walsh*, 122 F.4th 681, 686 (7th Cir. 2024) ("Rule 11 imposes certain duties on attorneys and *pro se* parties."). Any amended complaint is due on or before 11/12/25. Failure to file an amended complaint by that date will result in dismissal of this entire action with prejudice.

_____
Georgia N. Alexakis
United States District Judge

Date: 10/29/25